## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Joseph L. Johnson,

                    Plaintiff,        Case No. 25-12326

v.                              Judith E. Levy
                                   United States District Judge

John I. Kittel, *et al.*,

                                Mag. Judge Patricia T. Morris

                    Defendants.

_____/

## OPINION AND ORDER DISMISSING THE COMPLAINT [1], TRANSFERRING CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A), AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [8]

Joseph L. Johnson, who is incarcerated at the Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court dismisses the complaint because it fails to state a claim upon which relief can be granted. This Court also construes Plaintiff's action as a successive petition for habeas relief and transfers the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A)

for authorization to file a successive habeas petition. Finally, Plaintiff's

motion for summary judgment (ECF No. 8) is denied as moot.

## I.    Legal Standard

Plaintiff is proceeding without prepayment of fees. *See* 28 § U.S.C.

1915(a). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that
> may have been paid, the court shall dismiss the case at any
> time if the court determines that:
>
> (B) the action or appeal:
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is
>> immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Sua sponte* dismissal is

appropriate if the complaint lacks an arguable basis when filed. *McGore*

*v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997).

While a complaint "does not need detailed factual allegations," the

"[f]actual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (footnote and internal citations

2

omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II.    Background

Plaintiff was convicted of second-degree murder in 1985 following a bench trial in the Detroit Recorder's Court. *Johnson v. Pitcher*, No. 95-CV-76196, 2016 WL 2894496, at *1 (E.D. Mich. May 18, 2016).

3

Plaintiff alleges that false affidavits and evidence were used to secure his conviction. (ECF No. 1, PageID.4–5.)

After exhausting state court remedies, Plaintiff filed his first habeas corpus petition in 1990, alleging that the prosecutor withheld a key prosecution witness's criminal record and that the state trial court refused to hold an evidentiary hearing on whether the witness committed perjury at his trial. *Johnson*, 2016 WL 28944956, at *1 (citing *Johnson v. Prelesnik*, No. 90-cv-71484 (E.D. Mich. Dec. 10, 1990)). The petition was denied on the ground that the error was harmless. *Id.*

In 1995, Plaintiff filed a second habeas petition, alleging the denial of the effective assistance of trial and appellate counsel. *Id.* (citing *Johnson v. Pitcher*, No. 95-76196 (E.D. Mich. Feb. 25, 1997), *appeal dismissed*, No. 97-1402 (6th Cir. Nov. 4, 1997)). The petition was dismissed as a second or successive petition and as an abuse of the writ. *Id.* Plaintiff was denied permission to amend his 1995 habeas petition to add new claims. The Court determined that Plaintiff's amended petition was a successive habeas petition and transferred it to the Sixth

4

Circuit for that Court to determine whether he should be permitted to file a second habeas petition. *Id.* at \*2.

In 2015, Plaintiff attempted to file another habeas petition, which was denied on the ground that it was a successive habeas petition. *Id.* at \*1 (citing *Johnson v. Mackie*, No. 15-14233 (E.D. Mich. Jan. 14, 2016)).

The Sixth Circuit Court of Appeals has also denied permission for Plaintiff to file a successive habeas petition eight different times. *In Re Johnson*, No. 98-167 (6th Cir. Feb. 9, 1999); *In Re Johnson*, No. 99-2212 (6th Cir. Mar. 21, 2000); *In Re Johnson*, No. 14-1421 (6th Cir. Sep. 5, 2014); *In Re Johnson*, No. 14-2348 (6th Cir. Mar. 23, 2015); *In Re Johnson*, No. 15-1477 (6th Cir. Oct. 22, 2015); *In Re Johnson,* No. 16-1679 (6th Cir. Feb, 3, 2017); *In Re Johnson,* No. 16-2386 (6th Cir. Apr. 3, 2017); *In Re Johnson,* No. 21-1778 (6th Cir. Apr. 25, 2022).

In his current complaint, Plaintiff seeks monetary damages arising out of his second-degree murder conviction, as well as an expungement of his murder conviction or, in the alternative, a jury trial. (ECF No. 1, PageID.8.)

### III.    Analysis

The complaint is subject to dismissal for several reasons.

To the extent that Plaintiff seeks monetary damages arising from his criminal conviction, he cannot obtain such damages without a showing that his criminal conviction has been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus; thus, his allegations relating to any criminal prosecution, conviction, and incarceration against him fails to state a claim for which relief may be granted and must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004).

Because the Court is dismissing Plaintiff's claims pursuant to *Heck v. Humphrey*, the dismissal will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

To the extent that Plaintiff is seeking to have his criminal conviction vacated or set aside, the appropriate federal remedy would be to file a petition for a writ of habeas corpus. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff previously filed a habeas petition with the federal courts, which was denied on the merits. An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007)

7

When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

Because Plaintiff's complaint challenges the constitutionality of his state murder conviction, the Court construes the complaint as a second or successive habeas petition. Where a prisoner's motion or filing is the functional equivalent of a second or successive habeas petition, he must obtain permission from the court of appeals before bringing

8

such an action in the district court. *See, e.g.*, *Long v. Kentucky*, 80 F. App'x 410, 414 (6th Cir. 2003) (stating that the provisions of 28 U.S.C. § 2244(b) apply equally to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general habeas statute).

## IV.     Conclusion

For the reasons set forth above, the complaint is DISMISSED WITHOUT PREJUDICE. It is further ordered that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631, 28 U.S.C. § 2244(b)(3)(A) for a determination of whether Plaintiff should be permitted to file a subsequent habeas petition. Finally, Plaintiff's motion for summary judgment (ECF No. 8) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: January 5, 2026                    s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                                  United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 5, 2026.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager

10